KLEIN et al. v. MECHANICS' & TRADERS' BANK et al.

(Supreme Court, Special Term, Kings County. November 30, 1910.)

ACCOUNT (§ 10*)—SUIT FOR ACCOUNTING—PARTIES DEFENDANT.

Where a sealed agreement was executed with plaintiff for defendant bank in the name of its clerk, who was a mere dummy in the transaction, by which plaintiff's property which the bank had advanced money to build was transferred to the bank to be disposed of by it, and the proceeds to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

be paid to plaintiff after deducting the bank's advances, plaintiff could maintain an action directly against the bank for an accounting for such property, though it did not sign the sealed agreement.

[Ed. Note.—For other cases, see Account, Dec. Dig. § 10.*]

Action by Samuel L. Klein and others against the Mechanics' & Traders' Bank and another. Interlocutory judgment for plaintiffs.

William F. Walsh, for plaintiffs.

Edward M. Grout and Paul Grout, for defendants.

CRANE, J. This cause of action is based upon the allegations as contained in the complaint and supplemented by an amendment made on the trial. The allegations, which have been fully supported by the evidence, show that the plaintiffs have been borrowing money from the Union Bank to enable them to carry on some building operations. Wanting additional loans, the bank proposed that the property of the plaintiffs, including income paying buildings, be transferred to the bank, the title to remain under its control and the unfinished buildings to be completed by money which it would advance through designated parties, and that, when the buildings were completed and finally disposed of in the market, the bank would pay over the balance of the purchase money received, less its advances with interest, to the plaintiffs.

As the bank could not legally carry on any such building operations, it compelled these plaintiffs to make the agreement, embodying the above conditions, with one of its clerks or bookkeepers, and thereafter received all the benefits under the contract, including all the income and the selling price of the plaintiffs' property. The clerk was a mere dummy, advanced no moneys of his own, received no moneys, the bank having carried out all the provisions of the contract except that part which provided for the payment of any surplus over advances to the plaintiffs. The clerk, William R. Pearce, and the bank (its successor, the Merchants' & Traders' Bank), have been made parties to this action brought in equity to compel an accounting by the bank for the moneys of the plaintiffs received by it.

The defense interposed by the bank is that the contract with its clerk, Pearce, being under seal, the bank cannot be sued, and that the complaint as to it should be dismissed. It is true that the general rule, supported by a long list of authorities cited by the defendants, is:

"Where the instrument is under seal, no person can sue or be sued to enforce the covenants therein contained except those who are named as parties to the instrument, and who signed and sealed it." Porter v. Baldwin, 139 App. Div. 278, 123 N. Y. Supp. 1043; Spencer v. Huntington, 100 App. Div. 463, 91 N. Y. Supp. 561.

But the leading authority in this state establishing this rule and cited as such by all others is Briggs v. Partridge, 64 N. Y. 357, 21 Am. Rep. 617. Judge Andrews in his opinion states the following:

"We find no authority for the proposition that a contract under seal may be turned into the simple contract of a person not in any way appearing on its face to be a party to or interested in it, on proof de hors the instrument,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the nominal party was acting as an agent of another, and especially in the absence of any proof that the alleged principal has received any benefit from it, or has in any way ratified it, and we do not feel at liberty to extend the doctrine applied to simple contracts executed by an agent for an unnamed principal so as to embrace this case."

The words above quoted, "and especially in the absence of any proof that the alleged principal has received any benefit from it," indicate that the judge had in mind that there were exceptions to the general rule, and that, where a third party had received and held all the benefit, it would be a gross fraud to let a paper wafer or a pen circle around the letters "L. S." prevent a court of equity from ascertaining the real facts. Although the courts still follow this ancient rule, there can be no reason or justice in extending it.

The exceptions above indicated by Judge Andrews were recognized in Stanton v. Granger, 125 App. Div. 177, 109 N. Y. Supp. 134. It was there stated:

"It is true that in the case of Briggs v. Partridge there was a suggestion that the alleged principal might by receiving a benefit or by ratifying the contract be made liable in some way and the pleadings in this case do allege. ratification on the part of the alleged principal. But, if we analyze the allegations, we shall find that they fall far short of a legal ratification of the contract as the contract of the defendant Granger."

Then follows two pages of analysis of the allegations. If the two suggestions in the Briggs Case be not good law, why were so much effort and paper given in the Stanton Case to show their inapplicability to the facts of that case?

For the reason that the complaint and proofs in this case show that the defendant bank received all the benefits and now has the plaintiffs' property, I believe this action may be maintained in equity, not to enforce any covenants, but to compel it to account for the property of the plaintiffs which it now has and wrongfully retains.

Let interlocutory judgment be entered in accordance herewith directing an account to be taken.