KLEIN et al. v. MECHANICS' & TRADERS' BANK et al.

(Supreme Court, Appellate Division, Second Department. June 29, 1911.)

1. EVIDENCE (§ 418*)—PAROL EVIDENCE—CONTRACTS UNDER SEAL.
    A contract under seal cannot be varied by parol so as to make one not a party thereto liable.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1906–1911; Dec. Dig. § 418.*]

2. CONTRACTS (§ 138*)—ENFORCEMENT—CONTRACT WITH AGENT.
    Where plaintiffs entered into a contract under seal with an employé of a bank as principal, instead of the bank which was the real party in interest, to enable the bank to evade a law, and plaintiffs were not deceived or victims of fraud, equity will not enforce the contract against the bank; for, having entered into such contract to assist the bank to evade a law, plaintiffs are not entitled to relief on the ground that they did not understand the nature of the contract, ignorance of the law being no defense.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 681–700; Dec. Dig. § 138.*]

Appeal from Special Term, Kings County.

Action by Samuel L. Klein and others against the Mechanics' & Traders' Bank and another. From an interlocutory judgment (69

Misc. Rep. 504, 125 N. Y. Supp. 1100), defendants appeal.   Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

F. Sidney Williams, for appellants.

Milton J. Gordon (Herbert C. Smyth, Charles C. Sanders, and Frederic C. Scofield, on the brief), for respondents.

WOODWARD, J.   The cause of action alleged in the complaint is that the Union Bank of Brooklyn was absorbed or merged in the Mechanics' & Traders' Bank, the latter assuming all of the obligations of the former; that on or about December 15, 1905, the plaintiffs entered into a contract in writing with the defendant, William R. Pearce, a copy of which contract, under seal, is annexed as Exhibit A of the complaint; that said Pearce was at all the times mentioned in the complaint an employé of the defendant bank, and made and entered into the contract set forth in the complaint as the agent of the said bank; that, pursuant to said contract, the property therein referred to was conveyed to said Pearce, who thereafter held the same as trustee or agent of the said bank, and that the latter was bound by the terms of said agreement; that the buildings referred to in said contract were completed and the property therein referred to was sold by said Pearce, acting in behalf of said banks as their agent; that the proceeds of such sale have been received by said Pearce, as such agent or trustee, together with various sums realized upon mortgages; that the contract referred to in the complaint, and which provided that Pearce should take title, advance the money necessary to complete certain buildings then in course of construction, and thereafter sell the same, repaying the moneys which had been advanced by the banks, etc., and pay over any surplus to the plaintiffs, had been fully performed, except in respect to the payment over of the surplus. This is the substance of the allegations of the complaint, and the relief demanded is:

"That the defendants account to these plaintiffs for the moneys and properties received by them under the terms of the contract heretofore set forth, and that upon the completing of such accounting said defendants be directed to pay to these plaintiffs the amount of the surplus that may remain due and owing from said defendants to these plaintiffs under said contract, after making all proper deductions pursuant to its terms, and for such other and further relief as to the court shall seem just and proper."

[1] Although there is a clear intent on the part of the plaintiffs to state a cause of action for specific performance of the contract alleged in the complaint, their counsel insists upon this appeal that this is "not an action upon the contract annexed to the complaint," and an effort is made to show that a contract under seal between the plaintiffs and the defendant Pearce is in fact a contract between the plaintiffs and the banks and Pearce.

The only question presented by this appeal is in reference to the right of the plaintiffs to maintain the action against the bank, which was not a party to the contract alleged.   The learned court at Special Term, while conceding the general rule to be that third parties can-

not be brought into a litigation involving sealed instruments, has held that in this particular case this may be done, because it is made to appear from the evidence (which was admitted over the objection and exception of the defendant bank) that the bank has received the moneys and had the benefit of the same. This holding is based upon a few lines found in the leading case of Briggs v. Partridge, 64 N. Y. 357, 21 Am. Rep. 617, where the learned jurist writing the opinion says:

"We find no authority for the proposition that a contract under seal may be turned into the simple contract of a person not in any way appearing on its face to be a party to or interested in it on proof de hors the instrument, that the nominal party was acting as the agent of another, and especially in the absence of any proof that the alleged principal has received any benefit from it, or has in any way ratified it, and we do not feel at liberty to extend the doctrine applied to simple contracts executed by an agent for an unnamed principal so as to embrace this case."

None of the authorities since that time, so far as we are able to discover, has ever thought that this reference to "the absence of any proof that the alleged principal has received any benefit," etc., was intended to modify the general rule. On the contrary, the rule has been consistently maintained that, where the instrument is under seal, no person can sue or be sued to enforce the covenants therein contained except those who are named as parties to the instrument and who signed and sealed it. Porter v. Baldwin, 139 App. Div. 278, 123 N. Y. Supp. 1043; Spencer v. Huntington, 100 App. Div. 463, 91 N. Y. Supp. 561, affirmed 183 N. Y. 506, 76 N. E. 1109.

[2] Great stress is laid upon the fact that the plaintiff has pleaded a state of facts which shows that the bank has had the benefit of the contract, and it is urged that this court, sitting in equity, has the power to do justice in the premises. Without denying the power of a court of equity to do justice under a proper pleading, in the case now before us there is no allegation of fraud or deception. What was done was done with the full knowledge and consent of the plaintiffs. They consented to enter into a contract under seal with the defendant Pearce for the purpose of relieving the bank of the embarrassment of doing an illegal act, and, having consented to this arrangement, it is not for a court of equity to step in and override a positive rule of law for the purpose of working out what to the plaintiffs appears to be justice. Equity does not overrule positive law. It moulds and adapts the law to conditions in subordination of and in harmony with law, and the plaintiffs in this action, having consented to enter into a sealed contract with the nominee of the bank for the purpose of evading the law, must accept the legal consequences of their own acts, and abide by the law as it relates to sealed contracts. If there had been fraud or concealment in the matter, if the bank had contrived to induce the plaintiffs to contract with Pearce in ignorance of the facts, there might be some way found of reaching the bank in this action, but no such condition exists. Ignorance of the law excuses no man, and, the plaintiffs having been a party to the arrangement for the purpose of enabling the bank to do that which it had no right to do under its charter, they must be deemed to have known the conse-

quences of their act and to have accepted them. No new rule of law is created. No new rule should be created for the plaintiffs in this action.

The interlocutory judgment appealed from should be reversed, with costs. All concur.