(82 Misc. Rep. 518.)

### In re PEOPLE'S SURETY CO. OF NEW YORK.

(Supreme Court, Special Term, Kings County. November 15, 1913.)

1. CORPORATIONS (§ 622*)—DISSOLUTION—POWER OF COURT.

As General Corp. Law (Consol. Laws 1909, c. 23) § 191, referring to the voluntary dissolution of a corporation, provides that a receiver shall have all of the powers, duties, and liabilities of a receiver under article 11, which includes sections 241 and 257, the court in proceedings for voluntary dissolution may direct the receiver to appear in litigation pending, either in domestic or foreign courts; sections 241 and 257 providing for the settlement of controversies by receivers and the retention of funds for subsisting contracts and pending suits.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2470, 2471; Dec. Dig. § 622.*]

2. ABATEMENT AND REVIVAL (§ 39*)—DISSOLUTION OF CORPORATION.

On the death of a party, a suit abated at common law, and to continue it against a representative required legislation; hence the mere fact that a court, upon the voluntary dissolution of a corporation, directs the receiver to appear in an action in a foreign state, his appearance will not make him a party, or the judgment binding, unless there is legislation authorizing the revival against him.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 194–204; Dec. Dig. § 39.*]

3. COURTS (§ 343*) — FEDERAL COURTS — STATE LAWS — ABATEMENT AND REVIVAL.

Where a suit against a New York corporation was pending in a district federal court sitting in another state, the New York laws authorizing the revival of actions against a receiver are inapplicable.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 915, 916, 919, 920; Dec. Dig. § 343.*]

4. COURTS (§ 343*)—ACTIONS IN FEDERAL COURTS—STATUTES—REVIVOR.

While the federal practice will probably follow the local practice, if it allows revivor of an action against the receiver of a dissolved corporation, and the action may be revived, an action, based on an act of Congress, must be governed by the federal statutes, and, as they do not allow revivor against a receiver, none can be had.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 915, 916, 919, 920; Dec. Dig. § 343.*]

5. COURTS (§ 489*)—STATE AND FEDERAL COURTS—JURISDICTION.

A New York corporation applying for voluntary dissolution was a surety on the bond of a contractor employed to do work for the federal government. Act Cong. Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1911, p. 1071), authorized materialmen to join with the United States in a suit on such bond or to sue for themselves, but required the action to be brought in the courts of the United States in the district in which the contract was to be performed. *Held* that, as a materialman had no rights except those given by the act, he could not after dissolution bring an action in the New York courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1324–1330, 1333–1341, 1372–1374; Dec. Dig. § 489.*]

6. CORPORATIONS (§ 610*)—VOLUNTARY DISSOLUTION—RIGHT TO.

Under General Corporation Law (Consol. Laws 1909, c. 23) § 191, providing for the appointment of a receiver upon the voluntary dissolution of a corporation, where the proceeding will not be injurious to the public interests, a surety corporation will not be voluntarily dissolved where there is an action pending against it in the federal courts of a foreign

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

district, and the suitor could have no relief against the receiver after the dissolution of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2424–2430; Dec. Dig. § 610.*]

Application of People's Surety Company for voluntary dissolution. Application denied.

Edward M. Grout and Paul Grout, both of New York City, for People's Surety Co.

William J. Youngs, U. S. Atty., of Brooklyn, Thomas Carmody, Atty. Gen., Francis K. Pendleton, Corp. Counsel, and McCombs, Ryan & Gordon, all of New York City, for Roebling Construction Company.

CRANE, J. The People's Surety Company, a New York corporation, has petitioned for a voluntary dissolution pursuant to chapter 28, art. 9 of Laws of 1909, being the General Corporation Law (Consol. Laws 1909, c. 23). A referee having been appointed to hear the allegations and proofs of the parties and to determine the facts, a motion is now made upon his report for a final order of dissolution and the appointment of a receiver, to which motion objections have been made by the United States, the state of New York, the city of New York, and the Roebling Construction Company.

By statements and consents in writing subsequently filed with the court, all the objections have been withdrawn except those made by the Roebling Construction Company which are apparently of such vital importance to it as to require a brief statement of the facts and the law applicable to the situation. If the contention of this company be correct, the granting of this application for an order of dissolution will deprive it of all remedy upon a bond furnished for its benefit by the surety company.

In 1907 the Noel Construction Company entered into a contract with the United States to construct a Naval Training Station at North Chicago, Ill., furnishing three bonds, one by the People's Surety Company in the sum of $58,000 for the faithful performance of the contract and the payment of all subcontractors and materialmen. The Roebling Construction Company, having furnished the fireproofing and erected the steel part under a subcontract for $240,000 has a balance due to it from the Noel Construction Company of $30,439.56. This amount the People's Surety Company has, by its bond with the United States, agreed to pay. By an Act of Congress of February 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1911, p. 1071), subcontractors or materialmen such as the Roebling Construction Company were given the right to join in an action brought by the United States upon such a bond, or, if within a certain time the United States did not sue, they were given the privilege of bringing such an action in the name of the United States for the sum due. The action must be brought in the Circuit Court of the United States in the district in which said contract was to be performed and executed "and not elsewhere" and shall not be commenced until after the complete performance of said contract and within one year thereof. Three actions under this act of Congress

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

have been commenced and are now pending upon this bond against the People's Surety Company in the District Court of the United States for the Northern District of Illinois, Eastern Division, in two of which the Roebling Construction Company has intervened; the third having been brought by it pursuant to the provisions of the act. Two of the actions are at law and one in equity.

The only claim or action which the Roebling Construction Company has against the People's Surety Company which can be enforced is under this act of Congress. It is claimed in behalf of the construction company, and is an objection to the findings of the referee that the dissolution of the surety company and the appointment of a permanent receiver will end all remedy under the above act and will abate the actions which cannot be revived against the receiver even with the consent of this court. After a careful study of the peculiar situation, I am of the opinion that the claim is justified.

[1] Upon the appointment of the permanent receiver in voluntary dissolution proceedings under the General Corporation Law above referred to, the courts of this state, to my mind, have the power to authorize or direct the receiver to appear in litigation pending in this or another state. While such right is not specifically conferred, it is implied by the provisions of sections 241 and 257 of the General Corporation Law. Article 11 of chapter 28 is made applicable to such receivers by section 191.

"To warrant the exercise of a power (by a receiver) it need not be expressly conferred, and if it can be fairly implied either from the general scope and purpose of the statute or as an incident to a power expressly given, there is sufficient warrant for its exercise." High on Receivers (4th Ed.) § 322.

The following cases also intimate the existence of such a power: People v. Knickerbocker Life Ins. Co., 106 N. Y. 619, 13 N. E. 447; N. Y. & W. U. Telegraph Co. v. Jewett, 115 N. Y. 166, 21 N. E. 1036; Rodgers v. Adriatic Fire Ins. Co., 148 N. Y. 34, 42 N. E. 515; Pendleton v. Russell, 144 U. S. 640, 12 Sup. Ct. 743, 36 L. Ed. 574.

[2] But even if this court upon the dissolution could and should authorize the receiver appointed to appear in the action pending in Illinois, this would be insufficient to make him a party or a judgment binding, provided the cause of action did not survive dissolution or there was no legislation permitting the United States District Court to revive the case against the receiver.

Upon the death of a party a suit abated at common law. If the cause was one which survived, e. g., one on contract, a new action might be brought by or against the representative; but to bring the representative into the original action and continue it required legislation. It is only by statute that the survivorship of the original action is given. Cyc. vol. 1, p. 47; In re Palmer, 115 N. Y. 493, 22 N. E. 221; Holsman v. St. John, 90 N. Y. 461; Evans v. Cleveland, 72 N. Y. 486.

[3] Therefore, although the court might authorize a receiver to appear in an action brought against a corporation, yet this can be done only where a statute permits the continuance or revivor against such a representative. Laws 1832, c. 295, provided such a remedy, and it

has been held in People v. Troy Steel & Iron Co., 82 Hun, 303, 31 N. Y. Supp. 337, that sections 755 and 756 of the present Code of Civil Procedure continued the practice authorized by the Law of 1832.

Of course, these provisions cannot apply to the state of Illinois or to the United States courts. There can be no doubt but that the cause of action upon this bond under the act of Congress of 1905 survived the dissolution of the corporation; but whether the present action can be revived and the receiver substituted depends upon the federal statutes. If there be no statutory authority for such substitution or revivor, the present action abates with the dissolution.

[4] The only provisions which I can find or have been referred to authorizing revivor of an action at law under an act of Congress are sections 955 and 956 of the United States Revised Statutes (U. S. Comp. St. 1901, p. 697). Without quoting at length, these sections apparently apply only to executors and administrators, and not to receivers. No United States statute permits revivor against a receiver of a dissolved corporation like the one here in question. In an action at common law in the United States courts upon a bond or contract, the federal practice would, no doubt, follow the local state practice and revive the action against a receiver if permitted by the state statutes, and it is fair to suppose Illinois has such a statute, like most of the states; but this is not an action at common law, but one upon or under an act of Congress, and in such an action revivor depends entirely upon the United States statutes. Baltimore & Ohio R. R. v. Joy, 173 U. S. 229, 19 Sup. Ct. 387, 43 L. Ed. 677; Martin, Adm'r, v. Baltimore & Ohio R. R., 151 U. S. 673, 14 Sup. Ct. 533, 38 L. Ed. 311. Rule 45 of the United States Equity Rules (33 Sup. Ct. xxx) probably allows revivor against a receiver, so that what is here said only applies to the actions on the law side of the court.

[5] A new action at law might be brought in the District Court against the receiver with permission of the New York court; but, as one year from the completion of the work is fixed as the limit within which to bring such an action, it would be very uncertain whether or not the remedy was barred. I can find no statement in the papers as to the time of the final completion of the work.

But it is said that if the action cannot be revived, or a new suit brought, the Roebling Construction Company can present its claim to the receiver in the state of New York to be passed upon as provided in our statutes. The difficulty with this is that the only remedy given for the special right conferred by the act of Congress is an action in the District Court where the contract was executed. Neither can the Roebling Company sue on the bond in the state courts, as it has no cause of action thereon outside that given by the act of Congress; it is not a party to the bond and so has no action at common law. Klein v. Mechanics' & Traders' Bank, 145 App. Div. 615, 130 N. Y. Supp. 436; Buffalo Cement Co. v. McNaughton, 90 Hun, 78, 35 N. Y. Supp. 453; Id., 156 N. Y. 702, 51 N. E. 1089.

[6] There may be a difference of opinion as to my construction of the various statutes and of the rights of the parties under the act of 1905, but the reasons for my conclusions above given are sufficient to

require of the People's Surety Company some protection to those who have relied upon the bond furnished by it. This is not a case of receivership asked by a domestic creditor; then the question would be different, but the dissolution is voluntary and for the benefit of the stockholders. In such a case by section 191 of the General Corporation Law it must appear, not only to the interest of the stockholders, but not injurious to the public interests. It would be clearly contrary to public interest to deprive a foreign creditor of a right given by special statute in order to benefit resident stockholders.

Unless the Roebling Construction Company can in some way be protected in its litigation in Illinois, I must deny the application for a dissolution. I think it can be by the stockholders individually furnishing a bond to pay any judgment that may be recovered against the Noel Construction Company. However, I shall leave this to the suggestion of counsel, holding in abeyance the denial of this application.