SAMUEL OSBORN, JR., & others *vs.* MARTHA'S VINEYARD
RAILROAD COMPANY.

Dukes County.     Oct. 27, 1885. — Jan. 11, 1886.     FIELD & C. ALLEN,
JJ., absent.

A. and B. bought a quantity of goods in their own names, giving a promissory
note therefor, signed by each. They then sold the goods to a corporation,
making no reservation of any separate interest in either vendor. A., on behalf
of himself and B., settled with the corporation for the amount due, receiving in
full payment of their debt in part money and in part shares of stock in the cor-
poration, and gave the corporation a receipted bill for the price of the goods
and interest. B. then brought an action, joining A. as plaintiff, against the cor-
poration, to recover his proportion of the original debt. *Held,* that the settle-
ment made by A. with the corporation released the latter from further liability
to A. and B.; and that the action could not be maintained.

GARDNER, J.   This action was originally commenced by
Samuel Osborn, Jr., one of the plaintiffs.   After the trial of
the case, Osborn moved to amend his writ by adding, as joint
plaintiffs with him, Shubael L. Norton and Nathaniel M. Jer-
negan, which motion was allowed.   The action then proceeded
upon the allegation in their declaration, that the defendant
owed the three plaintiffs $600, according to the account an-
nexed, which was for twenty tons of iron rails at $30 per ton,
giving credit for $400, paid to Norton and Jernegan.

The first question which arises is whether the contract made
by the plaintiffs with the defendant was joint or several.   The
report finds that the three plaintiffs purchased twenty tons of
iron rails in their own names, giving a promissory note, signed
by the three, to the vendor therefor.   In this purchase, there
was no reference to any separate interest of the purchasers in
the iron rails, and they became joint owners thereof.   They
then sold the rails to the defendant, making no reservation of
any single interest in any one of the vendors.   The defendant
promised jointly, not separately, to pay the three plaintiffs the
price therefor.   This contract was joint, the several payees hav-
ing therein a joint interest, so that no one could sue for his pro-
portion.   When they jointly undertook to sell the rails in one
mass to the defendant, they held themselves out to be joint
owners, voluntarily assuming that relation to the property sold

to the defendant. The contract became a joint contract, the plaintiffs being joint creditors, not several, of the defendant. 2 Chit. Cont. (11th Am. ed.) 1340. The three owners represented, in effect, that they had a common interest in the property, without any difference in their respective interests and possessions, and that payment was to be made of the entire sum.

The two plaintiffs Norton and Jernegan, in behalf of themselves and of Osborn, settled with the defendant for the amount due, in full payment and satisfaction of their demand, receiving as payment in part money and in part shares of stock in the defendant corporation. The plaintiff Osborn insists that he is not bound by this settlement; and that, in the name of the three vendors, he can recover in money that portion of the original indebtedness to which, as between himself and his associates, he was entitled.

The interest of the three plaintiffs in their joint claim against the defendant was such that each had an interest in the entire claim. One of them had not only an interest in the third which might be his share, but also in the two thirds belonging to the others. It has been settled in this action that one cannot maintain an action for his share; the three must join in the suit, because each one has a joint interest in the entire amount due them, and in every part thereof. Osborn is debarred from bringing suit for his third part, because Norton and Jernegan own that third as fully as does Osborn. Each having such an interest in the debt due, one being unable to sue for the whole or his share thereof, it follows that each one, being interested in the entire claim, can settle it with the defendant. Each of the three, by the manner of their dealing with the defendant and with the property, has effectually authorized his partners in the contract to dispose of his interest by payment, settlement, or accord and satisfaction, and to release the defendant from its obligation under the contract. 1 Pars. Cont. 25.

In this case, there was no formal release by writing under seal. The plaintiffs Norton and Jernegan, upon the settlement, "gave to the defendant a receipted bill of the demand for the price of the rails and interest." The delivery of the shares of stock by the defendant to the plaintiffs, and the payment of the

money, were accepted in satisfaction and payment of the debt. It was an accord and satisfaction unconditional, actually executed, and accepted. This operates to release the defendant from further liability upon the contract. No particular form of words is necessary to constitute a valid release. " Any words which show an evident intention to renounce the claim upon, or to discharge, the debtor are sufficient." 2 Chit. Cont. (11th Am. ed.) 1146. The plaintiff Osborn in his argument has not urged that this settlement was not in effect a release. If this transaction between the parties, if assented to by all who participated in it, was such as to release the defendant from all liability to Norton and Jernegan, of which there is no contention, then it follows that the release of two was the release of all. When there is such a unity of interest as to require a joinder of all the parties interested in a personal action, the release of one is as effectual as the release of all. *Austin* v. *Hall*, 13 Johns. 286. *Decker* v. *Livingston*, 15 Johns. 479.

In this case, fraud is not set up, nor is there any suggestion of fraud in the transaction. The settlement was in effect an accord and satisfaction, which operates as a release. *Wallace* v. *Kelsall*, 7 M. & W. 264, 272.

The settlement made by Norton and Jernegan with the defendant released the defendant from further liability upon its contract with the plaintiffs, and the action cannot be maintained. By the terms of the report, there must be

*Judgment for the defendant.*

*G. A. Torrey*, for the defendant.

*C. G. M. Dunham*, for the plaintiffs.