BRIGGS, APPELLANT, *v.* COLLINS ET AL., RESPONDENTS.

(No. 1,467.)

(Submitted January 19, 1903.   Decided January 29, 1903.)

*Nonsuit—Money Paid—Work and Labor—Promise—Failure of Proof—Pleading.*

In an action to recover for money expended at the special instance and request of defendants in doing the annual representation work on a mining claim and in securing a patent for the same, defendants denied all the allegations of the complaint, and set up new matter by way of an affirmative defense wherein they alleged that they did at certain times have some interest in the claim.   On the trial there was a failure of proof that the work done or money expended was at the request of the defendants, or that any of them ever agreed to pay for it.   Code of Civil Procedure, Section 720, was in force at the time, and provided that all new matter set up in an answer, not constituting a counterclaim, is deemed denied without a reply.   *Held,* that as there was a failure to prove any promise, and defendants' allegation that they at times owned the claim must be considered as denied, a motion for nonsuit was properly granted.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by A. J. Briggs against T. E. Collins and others. From a judgment for defendants, plaintiff appeals.   Affirmed.

*Mr. C. H. Benton,* for Appellant.

*Mr. A. C. Gormley,* and *Mr. Sam Stephenson,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought by appellant (plaintiff below) to

recover $331.32, alleged to be due him from the respondents (defendants below) for work and labor done and for money expended by the plaintiff at the special instance and request of the defendants, in doing and having done the annual representation work on the Ripple lode mining claim, and in securing a patent for the same. The answer denies all the allegations of the complaint, and sets up new matter by way of an affirmative defense. Upon the trial the plaintiff offered certain proof by affidavits and oral testimony. When plaintiff rested, the defendants interposed a motion for a nonsuit upon the following, among other, grounds: (1) "There is no evidence in this case tending to show that any moneys were advanced and paid by the plaintiff at the request of the defendants, or either of them; and (2) that there is no evidence to show that any of the work and services testified to were performed at the instance and request of the defendants, or any of them." This motion was sustained, and a judgment for costs entered against the plaintiff, from which judgment this appeal is prosecuted.

At the time the pleadings were prepared and filed, and the issues made up, Section 720 of the Code of Civil Procedure was in force, and no reply was required, except where the answer contained a counterclaim, but all new matter in the answer, not constituting a counterclaim, was deemed denied. An examination of the record fails to disclose any testimony whatever to the effect that any of the work or labor done or money expended by the plaintiff was at the instance or request of the defendants, or any of them, or that they, or any of them, ever agreed to pay for it, and in fact there is no evidence even tending to show that any of the defendants had an interest in the Ripple claim; and, as the allegations of the defendants' answer to the effect that the defendants did at certain times have some interest in the claim are deemed denied, the plaintiff failed to make out his case, and the court properly sustained the motion for nonsuit.

The judgment is affirmed.

*Affirmed.*