HOWIE et al., Respondents, *v.* CALIFORNIA BREWERY CO., Appellant.

(No. 2,375.)

(Submitted February 14, 1907. Decided February 25, 1907.)

(88 Pac. 1007.)

*Trespass—Pleadings and Proof—Nonsuit—Instructions—Applicability to Issues.*

Trespass—Failure of Proof—Nonsuit.
  1.  A motion for nonsuit should have been granted in an action for trespass for the removal of a wall between two buildings, one of which

was occupied by plaintiffs at the time of its removal, where the proof wholly failed to substantiate the allegations of the complaint that the wall was owned by plaintiffs' lessors, was located upon the lessees' premises and in their possession, and where testimony that it stood partially on lots owned by both parties was not based upon facts.

Same—Instructions.

2.   The court correctly charged the jury—in an action for trespass to recover damages for the removal of a wall separating two buildings located on adjoining lots, where the issues, as to whether the wall stood on property in possession of the plaintiffs or upon that held by defendants and who owned it, were clearly defined by the pleadings—that if the wall was not located on any part of the premises in possession of plaintiffs they could not recover.

Same—Instructions—Not Applicable to Issues.

3.   In the absence of an allegation that defendants were negligent in removing the wall in question in the above action, the court erred in submitting an instruction to the jury that, even if they found that the wall had not been constructed on any part of plaintiffs' premises, they could still find in their favor if it appeared to their satisfaction that defendants had failed to exercise ordinary care in removing it.

Same.

4.   Where the question of license to plaintiffs to use one of the walls of a building as a wall for one constructed on an adjoining lot, had not been put in issue in an action for trespass to recover damages for its removal, it was error to submit in an instruction to the jury for their decision the question whether defendants had given plaintiffs any license or authority to use such wall for that purpose.

*Appeal from District Court, Silver Bow County; George M. Bourquin, Judge.*

ACTION by Thomas Howie and another against the California Brewery Company and others.   From a judgment in favor of plaintiffs and an order denying it a new trial, the defendant company appeals.   Reversed and remanded.

*Mr. Charles R. Leonard,* and *Messrs. Kremer & Kremer,* for Appellant.

*Mr. John A. Coleman,* for Respondents.

MR. JUSTICE SMITH delivered the opinion of the court.

The complaint in this case states a cause of action in trespass. The plaintiffs allege that on the ninth day of June, 1905, they were the lessees, and in the possession of a certain piece of property in the city of Butte, Silver Bow county, Montana, described

as follows: "Beginning at the northeast corner of the west seventy-five (75) feet of lot thirteen (13) in block twenty-eight (28) of the original townsite of the city of Butte, Silver Bow county, Mont., according to the official plat and survey on file in the office of the county clerk and recorder of said county, and running south along the east line of the west seventy-five (75) feet of lot thirteen (13) in block twenty-eight (28), thirteen and a half (13½) feet; thence west three and a half (3½) feet; thence north thirteen and a half (13½) feet; thence east three and a half (3½) feet, to the place of beginning, together with that certain one-story building thereon."

They further allege that on said date the defendant, the California Brewery Company, was in the possession of the east sixty-five feet of said lot 13 under a lease from the owner of said property, and that the east sixty-five feet immediately adjoined the premises occupied by the plaintiffs. It is further set forth that the west wall of the California Brewery Company's building was situate upon the west seventy-five feet of lot 13, and on the premises occupied by plaintiffs, and was the east wall of the building occupied and used by plaintiffs under their lease, and was then and there owned by the lessors of plaintiffs, and was in the possession of said plaintiffs. Plaintiffs further allege that the defendants, through their officers and agents, "willfully, wantonly, maliciously, and without authority, entered in and upon the premises of plaintiffs  *  *  * and demolished the said wall of plaintiff's building," thereby causing damage to plaintiffs in the sum of $1,975.

The defendants deny that the west wall of the California Brewery Company's Building, or any part thereof, was situated upon the west seventy-five feet of lot 13, and allege that said west wall was situated upon the east sixty-five feet of said lot. They further deny that said west wall, or any part thereof, was owned by the lessors of plaintiffs, or by anyone other than the lessor of the defendants; deny that said west wall was in the possession of the plaintiffs, or that said west wall was used by the plaintiffs under their alleged lease; and deny that

the said west wall was the east wall of the building occupied by the plaintiffs. Defendants also deny the other material allegations of the complaint.

At the trial in the district court of Silver Bow county, plaintiffs recovered a verdict for actual damages in the sum of $530 against the California Brewery Company. Judgment was entered upon this verdict, and, from said judgment and an order denying it a new trial, the defendant company has appealed to this court.

On the trial of the cause in the district court the plaintiffs produced the following witnesses: F. C. Bickenbach, city engineer of Butte, who made a survey of the premises in May, 1905; Samuel Barker, Jr., a civil engineer, who surveyed the premises on February 13, 1906; and Thomas Howie and Sytse Botke, the plaintiffs. We have carefully examined all of the testimony on the part of the plaintiffs, and find that there is an absence of evidence showing where the west wall of the California Brewery Company's building was situated prior to the time it was demolished. There is no testimony to show who originally constructed the wall, or whether it stood on any portion of the west seventy-five feet of lot 13 or not. There are certain statements in the evidence on the part of the plaintiffs that the wall stood partially on the ground of their lessors; but it is apparent from a reading of all of their testimony that they had no facts upon which to base this assertion.

The testimony shows conclusively that there was but one wall between these buildings; but whether it stood entirely upon the east sixty-five feet of lot 13, or entirely upon the west seventy-five feet, or whether it stood partially on both portions of the lot, cannot be ascertained from the testimony. The allegation of plaintiffs' complaint is that the wall was situated upon the west seventy-five feet, and was the east wall of their building, and that said wall was owned by the plaintiffs' lessors and was in the possession of the plaintiffs. There is no testimony in the record to substantiate these allegations. At the close of plaintiffs' case, the defendants raised these questions by a mo-

tion for a nonsuit, which motion was denied. The motion should have been granted for the reasons just stated.

Among the instructions given by the court to the jury were the following: "No. 18. You are instructed that if you believe, from the evidence, that on the ninth day of June, 1905, the property, known as the California Brewery building, was situated upon the east sixty-five (65) feet of lot 13 in block 28 of the original townsite of the city of Butte, and that the west wall of the California Brewery Company's building was also situated upon the east sixty-five (65) feet of lot 13 in block 28 of the original townsite of the city of Butte, and that the said west wall of the said building did not encroach upon, and was not situated upon any part of the west seventy-five (75) feet of lot 13 in block 28 of the original townsite of the city of Butte, then, in that event, the plaintiffs cannot complain of damages as set forth in the complaint, and your verdict should be for the defendants." Also No. 13, which is as follows: "You are instructed that if you believe, from the evidence, that the wall which was torn down by defendants was upon the land of defendants and not upon the property of the plaintiffs' lessors, and the defendant had the right to remove the same, still, if you further find that in the destruction or removal of the wall, the defendants failed to exercise ordinary care in removing the wall, so as not to interfere with the property rights or possession of the plaintiffs, and they did in fact interfere with the possession of the plaintiffs, other than interference as naturally followed removal of said wall, your verdict will be for the plaintiffs for such amount of damages, if any, as was thus needlessly caused by defendants."

It will be noted that by instruction No. 18 the court told the jury, if they found that the west wall of defendants' building was not on any part of the west seventy-five feet of lot 13, they should find for the defendants. This was correct, because the issues as to where the wall stood, and who owned it, were clearly defined by the pleadings.

By instruction No. 13, however, the court went further and told the jury that even if they found that the west wall of de-

fendants' building was not any part of the west seventy-five feet of lot 13, they might still find for the plaintiffs, provided they were satisfied that the defendants failed to exercise' ordinary care in removing the same. 'This was error, for the reason that this is an action for trespass, and instruction No. 13 involves an issue of negligence on the part of the defendants, which was not made by the pleadings.

By instruction No. 17, the court submitted to the jury the question of whether the defendants had given the plaintiffs any license, right or authority to use the west wall of the California Brewery Company's building as the east wall of plaintiffs' building. It will be noted that this question, also, was not involved in the case under the pleadings.

The judgment of the district court of Silver Bow county, and the order refusing the defendants a new trial, are reversed, and the cause is remanded, with directions to the district court to set aside the verdict, and grant a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.