O'BRIEN, APPELLANT, *v.* STROMME ET AL., RESPONDENTS.

(No. 3,820.)

(Submitted November 9, 1917. Decided November 20, 1917.)

[169 Pac. 36.]

*County Officers—Negligence — Evidence — Insufficiency — Non-suit.*

1. Where substantially all the evidence offered by plaintiff in an action against a county board of health for negligence in looking after his welfare while a patient in the county pesthouse was excluded upon objections the rulings upon which were not questioned, leaving no evidence to show negligence or injury due to negligence on the part of the board, a judgment for nonsuit was proper.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by Peter O'Brien against Gus Stromme and others, as members of the county board of health. Judgment of nonsuit and plaintiff appeals. Affirmed.

*Mr. Frank C. Walker* and *Mr. Louis E. Haven,* for Appellant, submitted a brief.

Where a duty which is purely ministerial is violated or negligently performed by a public officer, the party injured thereby may have redress by action. (*Rochester White Lead Co.* v. *City of Rochester,* 3 N. Y. 463, 53 Am. Dec. 316; *State* v. *Ruth,* 9 S. D. 84, 68 N. W. 189; *Brown* v. *Lester,* 13 Smedes & M. (21 Miss.) 392; *Bennet* v. *Whitney,* 94 N. Y. 302; *Vose* v. *Reed,* 54 N. Y. 657.) The board of health and the health officer were acting as ministerial officers in this matter. (*McCord* v. *High,* 24 Iowa, 336; *Wilson* v. *Marsh,* 34 Vt. 352; *Beers* v. *Board of Health,* 35 La. Ann. 1132, 48 Am. Rep. 256; *Brown* v. *Murdock,* 140 Mass. 314, 3 N. E. 208.)

That the officer in question is one who acts judicially or *quasi-*judicially is not conclusive, for such officers may be and are frequently called upon to perform ministerial acts, and as to such acts, they are governed by the same rules which control ministerial action in other cases. (Mechem on Public Officers, 444; *Grider* v. *Tally,* 77 Ala. 422, 54 Am. Rep. 65; *Thompson* v. *Holt,* 52 Ala. 491; *People* v. *Provines,* 34 Cal. 520; *People* v. *Bush,* 40 Cal. 344; *McCord* v. *High,* 24 Iowa, 336.)

*Messrs. Kremer, Sanders & Kremer* and *Mr. J. V. Dwyer,* for Respondents, submitted a brief; *Mr. Louis P. Sanders* argued the cause orally.

The respondents, acting as the county board of health, in so far as any question involved herein is concerned, were not acting in any ministerial capacity, but clearly in a *quasi*-judicial capacity (*Garff* v. *Smith,* 31 Utah, 102, 120 Am. St. Rep. 924, 86

Pac. 772; *Smith* v. *Zimmer,* 45 Mont. 282, 125 Pac. 420), and could not be held responsible, unless they acted intentionally, willfully and corruptly. (*Fath* v. *Koeppel,* 72 Wis. 289, 7 Am. St. Rep. 867, 39 N. W. 539; *Spalding* v. *Vilas,* 161 U. S. 483, 40 L. Ed. 780, 16 Sup. Ct. Rep. 631; *Chamberlain* v. *Clayton,* 56 Iowa, 331, 41 Am. Rep. 101, 9 N. W. 237; *Bailey* v. *Berkey,* 81 Fed. 737; *Ballerino* v. *Mason,* 83 Cal. 447, 23 Pac. 530; *State* v. *Thomas,* 88 Tenn. 491, 12 S. W. 1034; *Kendall* v. *Stokes,* 3 How. (44 U. S.) 87, 11 L. Ed. 506; *Daniels* v. *Hathaway,* 65 Vt. 247, 21 L. R. A. 377, 26 Atl. 970; 23 Am. & Eng. Ency. of Law, 2d ed., 375; 29 Cyc. 1444; 5 Thompson on Negligence, secs. 5785, 5826.)

In the case of *Rohn* v. *Osmun,* 143 Mich. 68, 5 L. R. A. (n. s.) 635, 106 N. W. 697, a health board possessing discretionary powers as to the care of patients having contagious diseases and the furnishing of nurses was sued for damages. It was held that no recovery could be had. (See, also, *Allison* v. *Cash,* 143 Ky. 679, 137 S. W. 245; *Kirk* v. *Board of Health,* 83 S. C. 372, 23 L. R. A. (n. s.) 1188, 65 S. E. 387; *Beeks* v. *Dickinson County,* 131 Iowa, 244, 9 Ann. Cas. 812, 6 L. R. A. (n. s.) 831, 108 N. W. 311; *Valentine* v. *City of Englewood,* 76 N. J. L. 509, 16 Ann. Cas. 731, 19 L. R. A. (n. s.) 262, 71 Atl. 344; Dillon on Municipal Corporations, sec. 277.)

MR. JUSTICE SANNER delivered the opinion of the court.

The complaint alleges that the appellant, being afflicted with smallpox, was taken to the pesthouse maintained at or near Butte for the accommodation of such cases by the Silver Bow county board of health; that while in delirium from the disease and because of the board's failure to provide sufficient guards, he escaped on a very cold winter's night and so froze his feet that amputation of several toes became necessary, and for which he claims damages. He was nonsuited at the trial and seeks by these appeals to present the question whether the members of the board are liable.

Conceding that if, in arranging to care for matters of this kind, the board acts judicially or *quasi*-judicially, no liability for [1] mere mistakes of judgment would exist, appellant insists that the respondents are liable upon the theory that the duties of the board in the premises are ministerial, and for negligent nonfeasance or misfeasance the members must answer to whomsoever is injured thereby. Whether this be correct we may not here decide because the record does not show negligence or any injury due to negligence. It is true that practically all the evidence offered by the appellant for that purpose was excluded upon objection—why, we do not entirely understand; but since no question is made of the correctness of these rulings, we may not import into the record what the appellant did not prove. No more than anyone else can public officers be held to respond for injuries until it is shown that their fault is the proximate cause of such injuries.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

