[Civ. No. 3504.  Second Appellate District, Division One.—May 12, 1921.]

H. C. WILEY, Appellant, v. J. E. COLE et al., Respondents.

[1] NEGLIGENCE—PLEADING—GENERAL TERMS.—A complaint in an action for damages to an automobile which charges defendants with operating their own car in a negligent manner is not insufficient because of the failure to state the particular acts constituting the negligence, since negligence may be charged in general terms.

[2] ID.—PROXIMATE CAUSE OF INJURY—SUFFICIENCY OF COMPLAINT.—A complaint in an action for damages to an automobile is not defective in failing to allege facts showing that defendant's negligence was the proximate cause of the injury, where it clearly appears that defendants were operating their automobile in a negligent manner, and that by reason of such negligence their automobile collided with that of plaintiff, and thereby caused the injury.

[3] ID.—WRONGFUL AND UNLAWFUL ACTS—SPECIFICATION UNNECESSARY.—A complaint in an action for damages to an automobile which alleges that defendants' operation of their automobile was wrongful and unlawful, as well as negligent, is not insufficient by reason of failure to particularly specify what law was violated and wherein their act was wrongful.

APPEAL from a judgment of the Superior Court of Orange County. R. Y. Williams, Judge. Reversed.

The facts are stated in the opinion of the court.

David R. Faries, Ivan Kelso and John R. Berryman, Jr., for Appellant.

Eden & Koepsel for Respondents.

SHAW, J.—In this action plaintiff sought to recover damages alleged to have been sustained as the result of defendants' negligence in operating an automobile.

The appeal is from a judgment in favor of defendants which was entered upon plaintiff's refusal to amend his complaint after an order made by the court sustaining a demurrer interposed upon the ground that the complaint not only failed to state a cause of action but was uncertain.

The allegations of the complaint material to the discussion are: That on or about the tenth day of August, 1919,

the defendants above named drove and operated their certain automobile in a southerly direction on that certain public highway known as Grand Avenue, approximately one and one-half miles south of Buena Park, Orange County, in such a careless, negligent, reckless, wrongful, and unlawful manner that the defendants' said automobile collided with the automobile of the plaintiff which was then and there being driven in a northerly direction on said highway, thereby damaging plaintiff's automobile in the sum of $397.19, being the usual and reasonable charge for making repairs to plaintiff's automobile made necessary by said collision.

In our opinion, the complaint is not obnoxious to the demurrer upon either ground specified therein.

[1] The argument of respondents is that, while the complaint charges defendants with operating their car in a negligent manner, it is insufficient to state a cause of action because it does not state the particular acts constituting the negligence imputed to defendants in the operation of the automobile; in other words, does not set out evidentiary matter. No principle seems to be better settled in this state than that "negligence may be charged in general terms; that is, what was done being stated, it is sufficient to say it was negligently done, without stating the particular omission which rendered the act negligent." (*Smith* v. *Buttner*, 90 Cal. 99, [27 Pac. 29]; *Stein* v. *United Railroads*, 159 Cal. 368, [113 Pac. 663]; *Bergen* v. *Tulare County Power Co.*, 173 Cal. 709, [161 Pac. 269].) [2] Neither is the complaint defective in failing to allege facts showing that defendants' negligence was the proximate cause of the injury. It clearly appears from the allegation that defendants were operating their automobile in a negligent manner, and that by reason of such negligence their automobile collided with that of plaintiff and thereby caused the injury.

[3] Respondents also argue that, since plaintiff, in addition to the use of the word "negligent," alleged that defendants' operation of the automobile was wrongful and unlawful, he should have specified particularly what law was violated and wherein their act was wrongful. No authorities are cited in support of this contention, and we are unable to perceive any merit therein. Clearly, as shown

by the complaint, the action is based upon defendants' negligent act in operating their automobile, and the words "careless, reckless, wrongful, and unlawful" are nothing more than other expressions of the alleged act of negligence, and since their use neither adds to nor their omission detracts from the sufficiency of the complaint, they should, where used in this connection, be disregarded as surplusage. If defendants' act was negligent, it was likewise wrongful and unlawful in that by such negligent act they, without right or warrant of law, caused damage to plaintiff.

The complaint, if true, shows that defendants were guilty of negligence in operating their automobile, and that as a result of such negligence they caused it to collide with that of plaintiff, which was the proximate cause of the injury complained of.

The court erred in sustaining the demurrer.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.