LUTHER, RESPONDENT, *v.* LEE ET AL., APPELLANTS.

(No. 4,575.)

(Submitted January 5, 1922.  Decided January 23, 1922.)

[204 Pac. 365.]

*Claim and Delivery—Chattel Mortgages—Sale by Mortgagor— Consent Waives Lien—Measure of Damages—Exemplary Damages.*

Chattel Mortgages—Sale of Property by Mortgagor—Consent by Mortgagee Waives Lien.
1.  Where a mortgagee expressly or impliedly consents to the sale of mortgaged personal property, he thereby waives his lien and the purchaser takes title free from the mortgage, whether the latter knew· of its existence or not and notwithstanding the lack of knowledge on his part that such consent had been given.

Claim and Delivery—Chattel Mortgaged Property—Sale by Mortgagor— Implied Consent by Assignee of Mortgage—Effect.
2.  *Held,* under the above rule, in an action in claim and delivery by the purchaser of an automobile to recover possession and damages for its detention by a sheriff who had seized it under the terms of a mortgage which had been assigned to one of defendants, that it appearing that both the assignee and the original mortgagee had actual knowledge of the fact that the dealer was selling automobiles covered by mortgages and had sold the one in question to plaintiff in the regular course of business, without specific consent of or accounting to the mortgagee, the assignee was in no position to complain of the sale and that the plaintiff took title free from the mortgage.

Same—Wrongful Detention—Measure of Damages.
3.  The measure of damages in claim and delivery for wrongful detention of an automobile where the car was not damaged while in defendant's possession is the reasonable value of its use from the date of seizure to the time of trial.

Same—Exemplary Damages—Complaint.
4.  An allegation that the acts complained of in an action in claim and delivery were done "oppressively" is sufficient to warrant recovery of punitive damages if sustained by the evidence, it not being necessary to claim them *eo nomine.*

Same—Exemplary Damages—When Recoverable.
5.  To warrant the recovery of exemplary damages, defendant must have entertained a guilty intent, the wrongful acts being characterized by circumstances of aggravation, malice, oppression and the like.

---

1.  Consent to sale by mortgagor of property covered by chattel mortgage, after the mortgage is given, as waiver of lien, see note in 43 L. R. A. (n. s.) 302.

5.  On punitive or exemplary damages for unlawful seizure of mortgaged chattel assuming to act under mortgage, see note in L. R. A., 1915E, 199.

[62 Mont. 174.]

Same—Exemplary Damages Unwarranted—New Trial, When.
6.   Where in an action in claim and delivery exemplary damages were not authorized upon any theory, and the jury allowed $500 damages in a lump sum without designating what part was intended as actual and what part as punitive damages, the cause will be remanded for a new trial, it being impossible to determine from the verdict the amount intended to be allowed as damages by way of punishment.

*Appeals from District Court, Big Horn County; Charles A. Taylor, Judge.*

ACTION by John Luther against Walter O. Lee and another. Judgment for plaintiff and defendants appeal from it and from an order denying a new trial. Reversed and remanded.

*Messrs. McIntire & Murphy,* for Appellants, submitted a brief; *Mr. H. G. McIntire* argued the cause orally.

*Mr. H. W. Bunston, Mr. E. E. Enterline* and *Mr. C. F. Gillette,* submitted a brief.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an action in claim and delivery for the recovery of a certain Ford Touring car of the admitted value of $500. The car was taken from plaintiff's possession on April 9, 1918, by a deputy sheriff of Big Horn county, on instruction from the defendant sheriff, pursuant to the terms of a certain chattel mortgage covering, with others, the Ford in controversy, executed by one Thomas C. Smith as mortgagor, to the Stockmen's National Bank of Hardin, which mortgage, after the maturity of the principal obligation, was transferred and assigned to the defendant Walter O. Lee, and was his property at the time the car was seized.

On commencement of this action, April 20, 1918, the plaintiff furnished the coroner with a satisfactory bond on redelivery of the car, and it was by the coroner returned to the plaintiff on April 25, 1918. The complaint alleges that the defendant "did willfully, wantonly, oppressively, and wrongfully take said automobile from the possession of the plain-

tiff; that ever since said taking the said defendants have willfully, wantonly, oppressively, and wrongfully detained, and do now willfully, wantonly, oppressively, and wrongfully detain said automobile from the possession of this plaintiff, to the damage of the plaintiff in the sum of $500." The prayer is for the recovery of the possession of the car, or for $500, its value, "together with the sum of $500, his damages sustained by reason of the unlawful taking and holding of the said car," and for costs.

The defendants pleaded by way of justification that the car was covered by chattel mortgage from the plaintiff's vendor, Thomas C. Smith, the assignment of the mortgage to the defendant Lee, its nonsatisfaction, breach of its terms, and instructions given to the sheriff in accord with its provisions to take possession of the car and sell the same, and that the car was taken in peaceable manner according to such directions. The answer contains prayer for the return of the car or its value, $500.

The reply admits the existence of the chattel mortgage, the inclusion of the car in question therein, and that it was taken from the plaintiff's possession by the defendant sheriff in pursuance of instructions of the defendant Lee. Upon issue joined, the case was tried to the court with a jury, and resulted in a verdict finding "the issues generally for the plaintiff," and assessing his damages in the sum of $500, upon which judgment was made and entered. The appeal is from the judgment and order overruling defendants' motion for a new trial.

Several errors are assigned, all of which save the last two relate exclusively to instructions to the jury given or refused. The last two go to the entry of the judgment and the order of the court denying defendants' motion for a new trial.

It is our opinion that the question raised by the order denying defendants' motion for a new trial, involving the sufficiency of the evidence to justify the verdict, and instruction No. 12, given by the court to the jury on the subject of ex-

emplary damages, are determinative of the case. That instruc-
tion reads: ''You are instructed that if you find for the
plaintiff, you may assess as his actual damages, if any he
sustained, the reasonable value of the use of the property in
controversy, from the date it was taken by the defendants, to
the time that the plaintiff regained possession thereof, and in
determining such reasonable value you may take into con-
sideration the amount for which such property could be hired,
for the time it was detained from the possession of the plain-
tiff, and in addition to such actual damages, if any you should
find, you may also add exemplary damages thereto if you
should find from the evidence that defendants have been
guilty of oppression.''

There is no conflict in the evidence as to the manner of
taking the Ford from plaintiff's possession. Plaintiff bought
the car in the usual course of trade from Thomas C. Smith,
paying therefor $430, without actual knowledge of the fact that
it was covered by chattel mortgage. It was taken from plain-
tiff's possession peaceably, by the deputy sheriff, on exhibition
of a certified copy of the mortgage and explanation made of
his mission and purpose. It was retained by the defendant
sheriff for a period of sixteen days before redelivery to the
plaintiff in consequence of this action, the sheriff being about
to make sale of it under the terms of the mortgage.

Where the mortgagee expressly or impliedly consents to a
[1] sale of mortgaged property of the mortgagor, he thereby
waives his lien, and the purchaser takes the title free from
the mortgage, whether the latter knew of the existence of the
mortgage or not, and notwithstanding the lack of knowledge
on the part of the purchaser that such a consent had been
given. (C. J. 624.) Want of knowledge on the part of the
mortgagee that sale has been made is immaterial if he gave
the mortgagor general authority to sell the mortgaged prop-
erty. (*Pratt* v. *Maynard,* 116 Mass. 388.)

The mortgage is good as between the parties. Such a chattel
[2] mortgage may be considered presumptively fraudulent as

to creditors, in view of the mortgagor's retention of the property and sale of goods covered thereby in the course of business, without specific consent thereto or accounting to the mortgagee. (*Schwab* v. *Owens,* 10 Mont. 381, 25 Pac. 1049; *Rocheleau* v. *Boyle,* 11 Mont. 451, 28 Pac. 872; *Heilbronner* v. *Lloyd,* 17 Mont. 299, 42 Pac. 853.) Yet the mortgagee, as between the mortgagor and himself, or his assignee, with actual knowledge of the facts, is in no position to complain.

The defendant Lee, as assignee of the mortgage, stood in no position legally different than the original mortgagee, the Stockmen's National Bank, for he was a director of that bank, knew of the mortgage and the methods pursued by Smith in the receipt, payment for, and sale of automobiles in the course of business. Lee owned the building wherein Smith conducted his garage and automobile business, Smith leasing the same as a tenant from Lee; Lee induced Smith to transact his business with the Stockmen's National Bank in preference to the First National Bank, knowing his business methods; Lee independently had advanced money to Smith to unload automobiles for use in his business; had frequently been in and around Smith's place of business, and helped the latter in the consummation of automobile sales; had discussed Smith's financial condition with the cashier of the Stockmen's National bank, and had himself made purchase of a Buick car covered by chattel mortgage to the bank, for which he gave Smith a credit of $600 on account of rent of the garage and $700 by check, which check was deposited by Smith with the bank in the regular course of business.

It is not claimed, nor is there any evidence to show, that [3] the car was in any way damaged or injured while it was in possession of the defendants, and plaintiff's actual damage could not have exceeded the reasonable value of its use from the date of seizure to the time of trial. (*Hammond* v. *Thompson,* 54 Mont. 609, 173 Pac. 229.) The highest value placed upon its use by the plaintiff's witnesses was $10 per day,

or a total maximum of $160, had the plaintiff had use for the car every day he was deprived of it.

The complaint alleges the taking of the Ford "oppres-[4] sively," and this allegation, if proven, should warrant punitive damages without the necessity of claiming the same *eo nomine* in the complaint. (*Martin* v. *Corscadden,* 34 Mont. 308, 322, 86 Pac. 33.)

No specific allegation is required, and we think that the general allegation that the acts complained of were done "oppressively" sufficient to warrant the recovery of such dam. ages if sustained by the evidence. (17 C. J. 1006.)

The statute (sec. 6047 of the Revised Codes of 1907) provides: "In any action for a breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

A guilty intent on the part of the defendants is an essential [5] to charge them with exemplary damages, and in this case, in absence of proof of oppression, the award thereof is not warranted. (17 C. J. 983.) "While every legal wrong entitles the party injured to recover damages sufficient to compensate for the injury inflicted, not every legal wrong entitles the injured party to recover exemplary damages. To warrant the recovery of such damages the act complained of must not only be unlawful, but must also partake somewhat of a criminal or wanton nature. And so it is an almost universally recognized rule that such damages may be recovered in cases, and only in such cases, where the wrongful act complained of is characterized by some such circumstances of aggravation as willfulness, wantonness, malice, oppression, brutality, insult, recklessness, gross negligence, or gross fraud on the part of the defendant." (8 R. C. L. 585, 586.)

From the evidence in the case the jury were not warranted [6] in assessing punitive damages (*De Celles* v. *Casey,* 48 Mont. 568, 139 Pac. 586), nor was there reason for the court

instructing the jury with respect thereto. Upon no theory were exemplary damages authorized, and, as it is impossible to determine from the verdict the amount which the jury intended to allow as compensatory damages, the judgment and order are reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and HOLLOWAY concur.