THOMPSON, GUARDIAN, RESPONDENT, *v.* SHANLEY, APPELLANT.

(No. 6,960.)

(Submitted October 18, 1932.   Decided December 31, 1932.)

[17 Pac. (2d) 1085.]

236

*Messrs. Clift & Glover* and *Messrs. Walchli & Korn,* for Appellant, submitted a brief; *Mr. R. H. Glover* argued the cause orally.

238

*Mr. W. B. Sands,* for Respondent, submitted a brief and argued the cause orally.

HONORABLE FRANK P. LEIPER, District Judge, sitting in place of MR. JUSTICE GALEN, disqualified, delivered the opinion of the court.

This litigation is the outgrowth of a collision between two automobiles, the one a Chevrolet driven by the plaintiff, William R. Thompson; the other driven by the defendant Shanley. The collision occurred on August 9, 1930, at a point on the Roosevelt Highway about fifteen miles east of Belton, in Flathead county.

The plaintiff claims compensatory damages on account of injury done to the automobile which he was driving, and exemplary damages as well. The defendant answered, denying liability on his part, alleging contributory negligence on the part of the plaintiff, and counterclaimed for the damage alleged to have been done the automobile which he was driving. A nonsuit was granted as to the defendant Crane Company. No complaint is made of the court's ruling in this regard.

The verdict of the jury was in favor of the plaintiff, awarding both compensatory and exemplary damages to him. Judgment was rendered accordingly, and this appeal is from that judgment.

A number of specifications of error are set forth, which may be grouped as follows: (a) Nonjoinder of parties plaintiff; (b) contributory negligence of the plaintiff; (c) exemplary damages; and (d) errors in the introduction of evidence.

We will consider the several specifications under these four headings, and in the order named.

The plaintiff having rested, counsel for the defendant moved for a nonsuit on the following grounds: First, that there is a defect of parties plaintiff; and, second, that the plaintiff's evidence shows negligence in the operation of the plaintiff's car, which constituted contributory negligence as a matter of law, contributing to and causing the accident.

A determination of the two questions involved in the motion for a nonsuit will dispose of the specifications in numbers (a) and (b) above. We will consider the grounds stated in the motion separately.

First. As to whether there is a defect of parties plaintiff:

This action must be prosecuted "in the name of the real party in interest." (Sec. 9067, Rev. Codes 1921.) The reason for the rule prescribed by section 9067 is given in 20 Cal. Jur., section 10, page 490, as follows: "The object of the rule that each action must be prosecuted by the real party in interest is to save the defendant from further harassment or vexation at the hands of other claimants to the same demand. The primary and fundamental test to be applied, therefore, is whether the suit will accomplish that result.

In Pomeroy's Code Remedies, fifth edition, section 140, this language is used: "It is clearly the rule, established under the new system, as well as under the old, that properly all the owners of a chattel, whether partners or not, must join in an action to recover damages for injury done to it, or for a wrongful taking or conversion of it, or to recover its posses-

242

sion. This rule is so firmly settled that nothing less than an express contract in reference to the title with one of the co-owners in his own name, by which promises are made directly to him, will suffice to permit a severance." (See, also, *Schoenborn* v. *Williams*, 83 Mont. 477, 272 Pac. 992.)

And in 47 C. J. 65, the same rule is stated thus: "As in other actions, in a suit for the recovery of the entire amount, upon a cause of action arising in tort, all the joint owners of the cause of action should be made parties plaintiff. Accordingly, an action for damages for injuries to personal property must be brought by all the joint owners thereof."

The complaint alleges that the plaintiff is the owner of the Chevrolet automobile. By general denial, this allegation is put in issue. Before the plaintiff can recover he must prove (among other things) that allegation.

The only testimony touching the ownership of the Chevrolet car was given by James Thompson, a brother of the plaintiff, and by the plaintiff. James Thompson, on cross-examination, testified: "The car is registered in my brother's name. I have some money in it. I have about a fourth interest in the car. My half brother has an interest in the car. I couldn't say how much of an interest he has in it. He has some interest; I have a fourth interest and my brother has the rest of it."

The plaintiff paid $10.85 railroad fare in getting from the place of the accident back to his home. This he claims as a part of the damage. The plaintiff, both on direct and cross examination, repeatedly referred to the Chevrolet car as "my car," and on direct examination testified: "My car stands in my name. * * * My car was hauled in that night by a wrecker from the Flathead Motor Sales. I paid for the repairs. I paid $233.10. Mr. Shanley has never paid me the railroad fare. He has never paid for the repairs on my car." On cross-examination the plaintiff testified: "I am the owner of that car. My two brothers helped me buy it. My brother James has about what he said, a fourth interest in it, and my other brother has a fourth; I have a half."

It will be observed that, while from this testimony it appears that the record title to the automobile in question stands in the name of the plaintiff, it also clearly appears that he is not the sole owner of the automobile; for plaintiff says that a half-brother ·owns a one-fourth interest in it, a brother owns a one-fourth interest in it, and he (plaintiff) has a half-interest in it.

The testimony of plaintiff's witnesses, therefore, instead of tending to prove ownership in the plaintiff, shows conclusively the contrary. The result is an utter failure of proof in this regard. In this situation, defendant's remedy is by a motion for a nonsuit. (Sec. 9317, subd. 5, Rev. Codes 1921; *Howie* v. *California Brewery Co.,* 35 Mont. 264, 88 Pac. 1007; *O'Brien* v. *Stromme,* 54 Mont. 221, 169 Pac. 36; *Briggs* v. *Collins,* 27 Mont. 405, 71 Pac. 307; *Flynn* v. *Poindexter & Orr Livestock Co.,* 63 Mont. 337, 207 Pac. 341; 9 Cal. Jur. 547.)

In order to warrant a finding favorable to plaintiff, the jury must first have determined that plaintiff was the sole owner of the car. An instruction to this effect would have been proper.

The case of *Wiley* v. *Dobbins,* 204 Iowa, 174, 214 N. W. 529, 530, 62 A. L. R. 432, was an action for damages to an automobile, in which judgment was rendered for defendant. In that case the court says: ''The members of appellant's family who were in the automobile at the time of the accident testified that the car was purchased with money contributed by them and appellant jointly. Registration was in the name of the latter, who testified that he, in fact, borrowed the money from the members of his family for the purpose of aiding him in the purchase of the automobile and that they had no interest therein. The court instructed the jury that, to entitle appellant to recover damages for the injury to the automobile, it was necessary for them to find that he was the sole and exclusive owner thereof. The contention of appellant at this point is that the court should have instructed the jury that he was entitled to recover if the evidence showed that he was the real party in interest. The distinction sought to be drawn

by counsel is that appellant might be the real party in interest, without being the sole and exclusive owner of the car. It may be assumed, without the citation of authorities, that appellant could not recover in an action brought in his name only for injuries to an automobile which he owned jointly with others."

It is elementary that if a person is not made a party to an action, his right cannot be determined or affected by a judgment entered in that case.

The two brothers of the plaintiff, being part owners of the car, are entitled to a part of the benefits of the action. They each have an actual and substantial interest in the subject matter of the suit. "The real party in interest * * * is the person who will be entitled to the benefits of the action if successful; one who is actually and substantially interested in the subject-matter." (*Gross* v. *Heckert*, 120 Wis. 314, 97 N. W. 952, 954; *Stinchcomb* v. *Patteson*, 66 Okl. 80, 167 Pac. 619; 19 Ency. Pl. & Pr. 544; *St. Louis & S. F. R. Co.* v. *Webb*, 36 Okl. 235, 128 Pac. 252; *Porter* v. *Baldwin*, 139 App. Div. 278, 123 N. Y. Supp. 1043; *Atchison, T. & S. F. Ry. Co.* v. *Hucklebridge*, 62 Kan. 506, 64 Pac. 58; *Louisville, N. A. & C. Ry. Co.* v. *Hart*, 119 Ind. 273, 21 N. E. 753, 4 L. R. A. 549.)

It will not answer to say that the point involved here is a mere technicality. This because payment of a judgment by the defendant in this action would not relieve him from liability if another action be instituted and prosecuted by the other co-owners of the car. Neither will it relieve the public of the necessity of bearing, in part, the expense incident to such additional litigation. What was said by this court in the case of *American Livestock & Loan Co.* v. *Great Northern Ry. Co.*, 48 Mont. 495, 138 Pac. 1102, 1105, is pertinent here: "The complaint is made in respondent's brief that the proposition involved in this appeal is technical. While we have repeatedly said that matters of mere technicality will receive scant consideration in this court, it surely is not a valid objection to a matter of substance that it is also technical and formal. The complaint in a civil action is a matter of form,

but it is so far from being a mere matter of form that no defense can be aptly presented, no testimony be intelligently taken, and no judgment be *responsively* entered so as to protect the public from endless litigation, without a complaint stating with substantial accuracy the matters upon which relief is claimed; and to abrogate the rule requiring the pleadings and proof to correspond would not make for simplicity and justice, but for confusion, for delay, and for the denial of justice in many cases.''

The motion for a nonsuit should have been granted, upon the ground of ''defect of parties plaintiff.''

(b) After a careful examination of the testimony offered by the plaintiff, we are of the opinion that it is not open to the objection contained in the second ground, above mentioned, of defendant's motion for a nonsuit. (*Autio* v. *Miller,* 92 Mont. 150, 11 Pac. (2d) 1039.)

(c) Counsel for the defendant contend that neither under the pleadings nor the proof was the trial court warranted in submitting to the jury the question of exemplary damages.

Where warranted by the pleadings and the proof, exemplary damages may be awarded. Section 8666, Revised Codes 1921, provides: ''In any action for a breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant.''

The only allegations of the complaint charging the defendant with liability on account of the damage done to plaintiff's car are contained in paragraph 4 thereof as follows: ''That while traveling as aforesaid, and at the rate of about fifteen miles per hour, the plaintiff's said automobile was struck by an automobile, then the property of the defendant Crane Company, by the defendant A. A. Shanley, and then being driven in an opposite direction from that in which the plaintiff was traveling, at a speed of about forty miles an hour and then being driven in a grossly careless, dangerous, reckless and negligent manner by the defendant A. A. Shanley, an em-

ployee of said Crane Company, upon the left hand side of the center of the highway and injured and damaged the automobile belonging to the plaintiff William R. Thompson, by such collision, rendering it unfit for further use until repaired at some place where major repairs could be made on automobiles."

Paragraph 5 of the complaint alleges that "the plaintiff was operating his automobile lawfully upon the public highway," and sets forth the several duties owed by the defendant in operating his automobile on the highway, and charges: "But the said defendant negligently, recklessly and carelessly failed and omitted to perform or conform to said duties at the time and place of said accident, and thereby caused the injuries and damage to plaintiff herein complained of."

The sufficiency of a complaint must be determined from the facts alleged and not from the mere use of such terms as "negligently, recklessly, carelessly," etc. If negligence is alleged in general terms by stating what was done and that it was done negligently, it is not necessary to plead the particular omissions which render the acts complained of negligent. (*Surman* v. *Cruse*, 57 Mont. 253, 187 Pac. 890; *Robinson* v. *F. W. Woolworth Co.*, 80 Mont. 431, 261 Pac. 253; *Johnson* v. *Herring*, 89 Mont. 156, 295 Pac. 1100; *Wiley* v. *Cole*, 52 Cal. App. 617, 199 Pac. 550; *Chilcote* v. *San Bernardino County*, (Cal. App.) 15 Pac. (2d) 1102.)

The particular acts of negligence with which the defendant stands charged are that he was driving his car at the rate of 40 miles per hour and on the wrong side of the road. The facts alleged are sufficient to sustain a charge of mere negligence, but in order to render one liable for exemplary damages something more than mere negligence must be alleged and proved. (*Luther* v. *Lee*, 62 Mont. 174, 204 Pac. 365.)

The rule is announced in 17 C. J. 1005, that: "Exemplary or punitive damages need not be demanded by that name in the declaration. It is, however, necessary that the facts justifying a recovery of such damages be pleaded. Hence the complaint must allege acts or circumstances indicating either

fraud, malice, gross negligence or oppression; but no specific form of allegation is required, and an averment that the acts were wantonly, wilfully and maliciously done is sufficient to authorize a recovery of such damages."

In 8 Ruling Case Law, 885, it is said: "While every legal wrong entitles the party injured to recover damages sufficient to compensate for the injury inflicted, not every legal wrong entitles the injured party to recover exemplary damages. To warrant the recovery of such damages, the act complained of must not only be unlawful, but must also partake somewhat of a criminal or wanton nature. And so it is an almost universally recognized rule that such damages may be recovered in cases, and only in such cases, where a wrongful act complained of is characterized by some such circumstances of aggravation, as wilfullness, wantonness, malice, oppression, brutality, insult, recklessness, gross negligence or gross fraud on the part of the defendant."

While no particular form of pleading is required in a case of this character, yet the complaint must allege either that the tort was committed maliciously, wilfully or wantonly, or the facts surrounding the commission of the act or acts complained of must be set forth with such particularity as that one or more of these elements may be inferred therefrom, in order to justify the assessment of punitive damages. (*Wilson* v. *Hall,* 34 Wyo. 465, 244 Pac. 1002; *Selland* v. *Nelson,* 22 N. D. 14, 132 N. W. 220; *Iaegar* v. *Metcalf,* 11 Ariz. 283, 94 Pac. 1094; *Samuels* v. *Richmond & D. R. Co.,* 35 S. C. 493, 14 S. E. 943, 28 Am. St. Rep. 883.)

The allegations of the complaint are not sufficient upon which to predicate an award of exemplary damages. The evidence is sufficient, if supported by a proper pleading.

(d) Complaint is made of the ruling of the trial court in ▇ admitting in evidence conversations alleged to have been had by certain witnesses with the defendant Shanley immediately after the collision occurred. The sole purpose of this evidence was to show plaintiff's right to exemplary damages, and since, for the reasons above stated, that question

should not have been submitted to the jury, this testimony was not admissible. Were the pleading sufficient, the evidence would have been admissible.

The judgment is reversed and the cause remanded to the district court of Flathead county for further proceedings not inconsistent with the views herein expressed.

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES ANGSTMAN and MATTHEWS, and HONORABLE R. M. HATTERSLEY, District Judge, sitting in place of MR. JUSTICE FORD, disqualified, concur.

Rehearing denied January 26, 1933.